UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAIN HUDSON, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | No. 2:20-cv-0481 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On April 29, 2020, plaintiff inquired why he must pay the court's filing fee because he is indigent, and requests an extension of time to file his amended complaint because he remains confined to his cell because of the COVID-19 pandemic and his vulnerability due to his health conditions. Plaintiff requests that the court appoint counsel to assist plaintiff in meeting the court's deadline.

First, plaintiff is advised that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Second, the court will grant plaintiff additional time to file an amended complaint pursuant to the court's order of March 11, 2020.

Finally, the court understands plaintiff's frustration that he is required to pay the court's filing fee despite his indigent status. However, as explained in the initial screening order, under 28 U.S.C. §§ 1914(a), 1915(b), plaintiff is required to pay the filing fee despite his indigency. Congress implemented the Prison Litigation Reform Act ("PLRA") which imposed new filing fees and procedures for inmates seeking leave to proceed in forma pauperis. 28 U.S.C. § 1915, et seq. "The new fee provisions of the PLRA were designed to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997), as revised (July 23, 1997), quoting Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996). However, inmates are permitted to pay filing fees by installment, based on the balance in the inmate's prison trust account, whereas nonprisoners must pay filing fees in full. In addition, prisoners granted leave to proceed in forma pauperis are not required to pay the court's additional $50.00 administrative fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 14) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 14) is granted; and

3. Plaintiff is granted up to and including June 29, 2020, in which to file an amended complaint.

Dated: May 5, 2020

/huds0481.31+36sec

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE