UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAIN HUDSON, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | No.  2:20-cv-0481 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

////

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In addition, plaintiff has filed his third request for an extension of time to file an amended complaint pursuant to the court's order of March 11, 2020.  Given the COVID-19 pandemic, as well as the recent outbreak at the prison where plaintiff is housed, plaintiff is granted additional time in which to file his amended complaint.  Plaintiff is reminded, however, that he is only required to allege facts, not cite legal authorities, in his amended pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied without prejudice;

2. Plaintiff's request for an extension of time (ECF No. 16) is granted;

3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint; and

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  July 1, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/huds0481.31+36sec(2)

2