UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON, SR., | No. 2:20-cv-0481 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEUSCHMID, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
5  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
7  1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

2

1   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
2   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
3   affirmative link between the incidents of police misconduct and the adoption of any plan or policy
4   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another
5   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an
6   affirmative act, participates in another's affirmative acts or omits to perform an act which he is
7   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,
8   588 F.2d 740, 743 (9th Cir. 1978).

9   　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
10  their employees under a theory of respondeat superior and, therefore, when a named defendant
11  holds a supervisorial position, the causal link between him and the claimed constitutional
12  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
13  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
14  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.
15  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
16  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
17  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
18  participation is insufficient).

19  II.  Plaintiff's Amended Complaint

20  　　　　Plaintiff again names Warden Robert Neuschmid, CME Steven A. Cargill, and LVN
21  Nikoro as defendants, and alleges violations of his Fifth, Eighth, Ninth and Fourteenth
22  Amendment rights.  Plaintiff claims that defendants have "failed and neglected to establish and
23  implement policies, practices, and procedures designed to assure that plaintiff receive medical
24  treatment and care," and failed to "supervise and train their employees and agents to ensure the
25  right delivery of medical care to plaintiff," consistent with California's standard of medical care.
26  Plaintiff claims "shock of diabetic coma, causing [his] body to shake and blood sugar levels to
27  drop, and mental anguish for weeks for fear of death."  (ECF No. 19 at 3.)  Plaintiff seeks, *inter*
28  *alia*, money damages.

III. Eighth Amendment Standards

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A viable Eighth Amendment medical claim states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated

4

the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

IV.  Discussion

Plaintiff's generalized allegations concerning medical care are insufficient to state a cognizable civil rights claim. As noted above, vague and conclusory allegations concerning civil rights violations are insufficient. Ivey, 673 F.2d at 268. Here, plaintiff does not identify his serious medical need, or each defendant's specific response, or lack thereof, to such need and the dates they occurred. Indeed, plaintiff included no specific charging allegations as to each named defendant. Plaintiff alleges no facts demonstrating such defendants were personally involved or causally connected to medical care that violated the Eighth Amendment. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (supervisory liability under § 1983 requires a showing that a supervisor was personally involved or there is a sufficient causal connection). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. at 662, 676-77 (2009). Simply referring to "defendants" is insufficient to demonstrate a specific defendant's link or connection to the alleged constitutional violation. Plaintiff did not include the specific factual allegations concerning defendant Nikoro that he included in his prior pleading.[1] As plaintiff was informed in the court's screening order, any amended complaint must

---

[1] The court's screening order noted plaintiff's prior allegations against defendant Nikoro. (ECF No. 8 at 3.) "[O]n August 20, 2019, defendant LVN Nikoro was giving insulin shots on A-yard at California State Prison, Solano ("CSP-Solano"). Plaintiff takes four units of regular insulin and 50 units of 24-hour long acting Lantis. Plaintiff watched Nikoro take out both insulin bottles and

1 be complete in itself without reference to any prior pleading.  (ECF No. 8 at 6.)  It is unclear
2 whether plaintiff's amended complaint is based on the August 20, 2019 incident, whether he has
3 suffered incidents in addition to the one pled in his original complaint, or whether plaintiff's
4 allegations are based on other medical care.

5        Moreover, generalized claims concerning policies and procedures governing health care
6 are being litigated in an ongoing class action.  Plata v. Brown, No. 3:01-1351 JST (N.D. Cal.)
7 (class action suit concerning the adequacy of prison medical care in California).  Thus, in his
8 amended pleading, plaintiff must allege specific facts demonstrating how each defendant was
9 deliberately indifferent to plaintiff's serious medical need, and show an actual injury suffered
10 therefrom.

11        Finally, plaintiff includes no allegations that support claims under the Fifth or Ninth
12 Amendments.  Claims challenging the provision of medical care are governed by the Eighth
13 Amendment.[2]

14 V. Leave to Amend

15        Plaintiff's allegations, as currently pled, fail to state a claim for relief and must be
16 dismissed.  The court will, however, grant leave to file a second amended complaint.

17        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
18 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
19 West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
20 each named defendant is involved.  Rizzo, 423 U.S. at 371.  There can be no liability under 42

---

begin to draw insulin, but plaintiff was briefly distracted by his conversation with another correctional officer.  Nikoro said, "here 50 units of Lantis," but after plaintiff "injected the insulin her eyes got real big, she covered her mouth and stated, 'I gave you 50 units of regular.'"  (ECF No. 1 at 3.)  LVN Blake alerted the guard to sound the emergency alarm, and plaintiff began eating jelly packs to prevent his sugar from dropping and crashing.  Plaintiff was taken to medical, given an IV, and the hospital called due to plaintiff's insulin overdose."  (ECF No. 8 at 3.)  Plaintiff did not mention a diabetic coma.

[2] The Supreme Court has "recognized that the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the States through the Fourteenth Amendment's Due Process Clause, requires the State to provide adequate medical care to incarcerated prisoners." DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 198-99 (1989).

1  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions
2  and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th
3  Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights
4  violations are not sufficient.  Ivey, 673 F.2d at 268.

5  If plaintiff realleges his Eighth Amendment medical claims, he must allege specific facts
6  addressing each element:  the seriousness of plaintiff's medical need, and how each defendant
7  responded to such need.  McGuckin, 974 F.2d at 1059.

8  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This requirement exists
11 because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
12 v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
13 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
14 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
15 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
16 and the involvement of each defendant must be sufficiently alleged.

17 In accordance with the above, IT IS HEREBY ORDERED that:
18 1.  Plaintiff's amended complaint is dismissed.
19 2.  Within sixty days from the date of this order, plaintiff shall complete the attached
20 Notice of Amendment and submit the following documents to the court:
21     a.  The completed Notice of Amendment; and
22     b.  An original Second Amended Complaint.
23 Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,
24 the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended
25 complaint must also bear the docket number assigned to this case and must be labeled "Second
26 Amended Complaint."
27 Failure to file a second amended complaint in accordance with this order may result in the
28 dismissal of this action.

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  September 14, 2020

/huds0481.14n2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Case 2:20-cv-00481-KJN   Document 24   Filed 09/14/20   Page 9 of 9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-0481 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED:　　_____　　　　Second Amended Complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

9