1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     TORIANO GERNAIN HUDSON, Sr.,              No.  2:20-cv-0481 KJN P

12                    Plaintiff,

13          v.                                    ORDER

14     ROBERT NEUSCHMID, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C.

18     § 1983.  Plaintiff requests that the court appoint counsel.[1]  District courts lack authority to require

19     counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

20     Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

21     to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22     1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23     When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24     likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25     se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

26

27     _____
       [1]  Plaintiff referenced numerous other case numbers on his filing; however, none of the case
       numbers cited were filed by plaintiff.  Plaintiff only has two cases pending in the Sacramento
28     Division of the Eastern District of California:  the instant case, and case 2:20-cv-0483 EFB P.

                                              1

1    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

2    burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

3    common to most prisoners, such as lack of legal education and limited law library access, do not

4    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

5         Having considered the factors under Palmer, the court finds that plaintiff has failed to

6    meet his burden of demonstrating exceptional circumstances warranting the appointment of

7    counsel at this time.  Because the court has not yet found plaintiff that he states a cognizable civil

8    rights claim, the court is unable to evaluate plaintiff's likelihood of success.

9         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

10   counsel (ECF No. 22) is denied without prejudice.

11   Dated:  September 15, 2020

12

13   /huds0481.31

14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2