UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON, Sr., | No.  2:20-cv-0481 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEUSCHMID, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff's second motion for extension of time is before the court.

Background

This action was opened on February 19, 2020.  Plaintiff filed an amended complaint, which was dismissed on September 20, 2020.  The court provided plaintiff with detailed standards concerning how to plead a medical claim, granted him sixty days to file a second amended complaint, and sent him the court's form complaint.  On November 23, 2020, plaintiff was granted an additional ninety days in which to amend.  On February 11, 2021, plaintiff filed a motion for another sixty days due to the coronavirus and the indefinite closure of the prison law library.  (ECF No. 29 at 1.)  Plaintiff adds that if the court would like to appoint counsel to eliminate all future requests for extensions of time, plaintiff would be in agreement.  (Id.)

////

Discussion

Plaintiff fails to explain why he has been unable to prepare an amended complaint, using the court's form, despite having access to paging services when physical access to the law library is unavailable. Plaintiff has had benefit of two screening orders that provided plaintiff with the court's screening standards as well as pinpoint standards for potential claims raised in his original and amended complaints. (ECF Nos. 8, 24.) While plaintiff remarks that the law library is closed, he fails to set forth any efforts he has taken otherwise, for example, using the prison's paging system, in an effort to draft his second amended complaint. Both courts and litigants are finding ways to adapt to the COVID-19 pandemic.

Importantly, Rule 8(a) of the Federal Rules of Civil Procedure articulates that the complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Indeed, the federal rules provide an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing Fed. R. Civ. P. 84.)[1] The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. This court's civil rights form incorporates this simplicity and brevity, providing boxes for prisoners to mark the appropriate cause of action. Use of this form enables plaintiff to handwrite

---

[1] Indeed, the standard negligence complaint contains only three short paragraphs: "1. Allegation of jurisdiction. [¶] 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway. [¶] 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars. [¶] Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs." McHenry, 84 F.3d at 1177, citing Fed. R. Civ. P. Form 9.

a copy of his proposed amended complaint should he be unable to obtain access to photocopy services to retain a copy of his original pleading for his own records. Plaintiff is not required to provide evidence or exhibits or cite legal authorities in his second amended complaint; rather, he must simply state the facts upon which his claims are based.

Plaintiff has had over five months to draft his second amended complaint. This court cannot continue granting unlimited extensions of time. In an abundance of caution, plaintiff is granted one <u>final</u> extension of time to file a second amended complaint. Plaintiff must use the court's civil rights complaint form.

No further extensions of time will be granted. If plaintiff does not file a timely second amended complaint, the undersigned will recommend that this action be dismissed based on plaintiff's failure to comply with a court order. Local Rule 110; Fed. R. Civ. P. 41(b).

<u>Request for Counsel</u>

In the alternative, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff does not appear to have difficulty expressing himself. Because plaintiff does not have an operative complaint on file, the court cannot determine plaintiff's likely success on the merits. Having considered the factors under <u>Palmer</u>, plaintiff has failed to meet his burden of

demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 29) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 29) is granted;

3. Plaintiff is granted thirty days from the date of this order in which to file a second amended complaint; and

4. The Clerk of the Court shall send plaintiff two forms for filing a civil rights complaint by a prisoner.

Dated:  February 19, 2021

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/huds0481.31+36